Mario Pittoni, J.
In this action to recover damages for professional malpractice, the plaintiffs move to strike out the answer of the defendant, Dr. Kugler, upon the ground that he has willfully refused to answer interrogatories propounded pursuant to rule 3134 of the Civil Practice Law and Rules.
The application is opposed upon the ground that the plaintiffs were not entitled to the procedural disclosure device in the first instance (CPLR 3130), since the statute limits this method of disclosure to actions “ other than in an action to recover damages for * * * a personal injury, resulting from negligence, or wrongful death”; that this action is essentially contained within the ambit of those excluded by the statute. This is correct.
The statute (CPLR 3130) is declarative of the public policy of this State in respect to the disclosure procedure available to a litigant, and, that meaning should be attributed to it which will effectuate its purpose. (Bright Homes v. Wright, 8 N Y 2d 157, 162.)
It has been held that negligence is the basis of a malpractice action, which is tortious in nature, and predicated upon a failure to exercise requisite skill. (Robins v. Finestone, 308 N. Y. 543, 546, citing with approval the language of the Appellate Division in Colvin v. Smith, 276 App. Div. 9.) In the Colvin case it was expressly stated that damages recoverable in a malpractice action are for personal injuries.
The argument advanced by plaintiffs that a malpractice action is essentially distinguished from a negligence action, because a different period of limitation of time within which to bring the action is imposed, is without merit. Such differentiation is merely the expression of a policy which treats a particular class of negligence cases in a different aspect without changing the basic nature thereof.
Parenthetically, it is noted that a review of the filed papers in this case discloses that an order was entered on a decision by Mr. Justice Lykde, dated July 18, 1963, which granted the appointment of an open commission to secure the disclosure sought.
Accordingly, this motion is denied, without prejudice to the right of the plaintiffs to move for such further disclosure as they deem advisable.