Murray T. Feiden, J.
This is a motion by the third-party defendant to strike out the entire set of interrogatories served upon it by the third-party plaintiff on the ground that said interrogatories have been served in an action to recover damages for personal injuries resulting from negligence in violation of section 3130 of the Civil Practice Law and Buies, or in the alternative, striking out said interrogatories on the ground that they are beyond the scope of the discovery permitted in section 3101 of the Civil Practice Law and Buies.
This is an actjon for damages for personal injuries brought by the plaintiff, a longshoreman employee of the third-party defendant, said injuries having been sustained by him while working aboard the third-party plaintiff’s vessel. The third-party plaintiff shipowner, invoking the so-called • “ Ryan Doctrine ” (Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corp., 350 U. S. 124) cross-complains for indemnity from the third-party defendant' on the ground that the latter breached its implied warranty to perform its stevedoring services aboard the defendant’s 'vessel in a good and workmanlike manner.
Section 3130 of the Civil Practice Law and Buies provides in part as follows: “ Use of Interrogatories. After commencement of an action, other than in an action to recover damages for an injury to ,property, or a personal injury resulting from negligence, or wrongful death, any party may serve upon any other party written interrogatories.” (Emphasis supplied.)
It now becomes necessary to determine the intent of the Legislature and the true nature of the third-party plaintiff’s complaint against the third-party defendant. Although the third-party complaint does not specifically allege that the third-party defendant1 was negligent, and, while said third-party *103 complaint purports to be founded upon the maritime law which permits a shipowner to recover indemnity from a stevedore for breach of warranty of workmanlike service, the conclusion is inescapable that the third-party complaint, in essence, is one dependent upon proof of negligence. Looking to the substance rather than the form, one must conclude that the third-party action stems from and is part and parcel of the personal injury action which was commenced by the plaintiff herein. (If there is any doubt, one has but to look at the interrogatories propounded by the third-party plaintiff itself.) With the exception of the first three interrogatories directed to the contractual relationship between the third-party plaintiff and the third-party defendant the interrogatories are addressed to the* issue of negligence and are typical of those propounded to a plaintiff by a defendant in a negligence action in the Federal courts. Inasmuch as there is a clear legislative intent to exclude personal injury actions from the provisions regarding interrogatories (3 Weinstein-Korn-Miller, N. Y. Civ. Frac., par. 3130.01 et seq.), it would seem that permitting the very same interrogatories on behalf of the third-party plaintiff would be a circumvention of the statutory intent. It is self-evident that the plaintiff and defendant third-party plaintiff would be precluded from propounding interrogatories to each other with respect to the subject matter of the action. To permit these interrogatories merely because the defendant has deemed it advisable to inter-plead the third-party defendant does not seem to be logical or necessary.
The third-party plaintiff seeks to substantiate its contention that its third-party complaint is one for contract rather than one founded on negligence by referring to cases involving the application of the Statute of Limitations. Whatever distinction may apply with reference to the applicability of the Statute of Limitations such distinction would not be germane in the present situation. For the purpose of determining whether the third-party plaintiff is entitled to propound the type of interrogatories which it has served on the third-party defendant, one can only come to the conclusion that section 3130 of the Civil Practice Law and Buies was meant to preclude that type of interrogatory.
In making this determination, the court does not pass upon the issues as they would exist if the third-party plaintiff had elected to await the determination of the plaintiff’s claim for personal injury before instituting its action to recover indemnity from the third-party defendant. In the instant case the shipowner has chosen to utilize the procedural device of *104 impleacler. This strategy furnishes a third-party plaintiff with certain advantages which stem from the fact that it is permitted to commence suit upon a cause of action which, from a purely technical viewpoint, has not yet accrued (Rieger v. Frankstram Realties, 68 N. Y. S. 2d 243, 246; Matter of Valstrey Serv. Corp. v. Roard of Elections, 2 N Y 2d 413). However, the benefits derived from the use of the impleader procedure are accompanied by corresponding burdens. Thus, the impleading third-party plaintiff must conduct his third-party action within the procedural framework of the' original action upon which it has been engrafted.
In view of the foregoing, it becomes unnecessary to discuss whether the individual interrogatories are beyond the scope of discovery as permitted by section 3101 of the Civil Practice Law and Buies. With the exception of the first three interrogatories which are germane to the contractual relationship, the motion to strike is granted.