Frederick Backer, J.
Defendant Bobbins Floor Products, Inc. (hereinafter ‘ ‘ Bobbins ”) moves for an order striking plaintiff’s interrogatories in toto, on the ground that their use is improper in a case such as this, or, alternatively, striking several of the interrogatories as improper.
In the numerous causes asserted plaintiff seeks the recovery of $511,000 claimed to have been sustained by it by virtue of defects in certain floor tile or in the manner of its installation in plaintiff’s buildings. The three causes asserted against defendant movant are founded upon negligence, breach of warranty, and reckless and negligent behavior.
Bobbins claims that the use of written interrogatories is proscribed by CPLB 3130 which excludes, from those cases in which their use is allowed, “ an action to recover damages for injury to property, or a personal injury, resulting from negligence, or wrongful death ”. The question here presented is whether this proscription applies to the instant case, where causes founded on negligence (the first and third causes above mentioned) are
*421 joined with a contract-based cause (the second cause above noted for breach of warranty). This, and related questions, have been the subject of comment by writers in this field. In Professor McLaughlin’s article entitled “ Civil Practice ” (16 Syracuse L. Rev. 419, 449) he indicates that written interrogatories should be available as to a contract cause where it is joined with a negligence cause. This view was followed by the court, in part, in Fusco v. Enzo-Gutzeit O/Y (42 Misc 2d 101, 104); (see, also, the Commentary by Professor Siegel to CPLR 3130 in vol. 7B, McKinney’s Cons. Laws of N. Y. [1965 Supp., p. 85]; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3130.02, p. 31-244 ; Memorandum of Judicial Conference, N. Y. State Legis. Annual, 1963, p. 52). It would appear more consistent with the general policy of the courts favoring enlarged disclosure, and with the legislative intent implicit in the enactment of CPLR 3130 to here hold the use of interrogatories as not barred by the joinder of a negligence cause with that of a contract cause — at least where there exists a viable, substantial basis for the contractually based cause, and its assertion is not due solely to artful pleading. Thus the motion to strike all the interrogatories on this ground is denied. (See Federal Pacific Elec. Co. v. Fischbach & Moore, 25 A D 2d 828.)
Nor is the use of the interrogatories barred by the fact that a deposition on oral questions of Robbins by one officer has been held, and that plaintiff has been heretofore held entitled to examine other officers of Robbins, which examinations have not yet been completed. Where, as here, the party to be examined is a nonresident (Robbins having its office in Alabama) and where the information sought is not clearly within the knowledge of any one or two identified persons, it would serve no useful purpose to mandate prior recourse to oral deposition or examination or open commission. (See Park Electrochemical Corp. v. Harman-Kardon, N. Y. L. J., May 24, 1966, p. 17, col. 6; Ralston v. Hazel Bishop, Inc., N. Y. L. J., June 10, 1966, p. 17, col. 2; cf. Katz v. Posner, 23 A D 2d 774.) There is no reason to establish a hard and fast rule of priority in the use of one device rather than the other. Instead, the relative effectiveness and cost of the manner of procedure desired in the case at hand should be the guide. In the instant case use of the written interrogatories at this point might well obviate the need for later depositions entirely or, «¿t least, narrow their scope. The motion to strike all the interrogatories is therefore denied on this ground also.
Thus it is necessary to consider the objections to the individual interrogatories. In so doing, this court has adopted the *422 rule applied ip the Fusco case (supra), and limited, where possible, the use of the interrogatories to the contract cause. No objection has been made to numbers 2 and 8, No. 1 is stricken as unnecessary and irrelevant, for it pertains only to the manner in which certain documents heretofore produced were found, when and by whom. No. 3 is modified so as to require the information sought only as to that period commencing January 1, 1957 and terminating June 1, 1958, which period includes the time of the sale of tile at issue, and the preceding and succeeding six months, No, 4 is modified so as to require identification only of that internal correspondence pertaining to the type of tile and installation needed. Nos. 5 and 6 and 7 are modified so as to require the information sought only with respect to sales for the period commencing one year prior to the sale in question, and sales to be installed on comparable flooring. Nos. 9, 10, 11, 12 and 13 are stricken. No. 16 is modified so as to require answers only as to those meetings attended where there was discussed at some length the problem of installation of resilient flooring on flooring, such as that present in plaintiff’s buildings. No. 17 is modified so as to require answers only as to the installation of flooring on surfaces comparable to those in plaintiff’s buildings. Plaintiff shall serve a new set of interrogatories, modified in accordance with the foregoing, within 20 days after publication of this decision and order.