John Carroll Young, J.
Claimants have moved for an order of this court directing the State of New York to produce and make available for inspection by claimants, certain affidavits made by Troopers J. E. Haring and Richard C. Peck and hy Trooper McLaughlin, and also certain photographs and reports made by the Bureau of Criminal Investigation Division of the Department of State Police in their investigation of an accident out of which the above claims arose.
Under a prior order of this court (in Motion 9295), an examination before trial of said Troopers Maring and Peck was conducted by claimants’ attorneys.
The affidavit made by an associate in claimants’ attorneys’ office indicates that on such examination before trial said troopers testified that they submitted affidavits regarding the collision, to the Department of State Police, and that they believed an affidavit was submitted by Trooper McLaughlin and ‘ ‘ that pictures and an investigation were conducted by the Bureau of Criminal Investigation ”.
*1006 Since photographs of accident scenes taken immediately after . an event are merely representations of what everyone visiting the scene at the time would see, they cannot be considered for discovery purposes the product of a lawyer’s mind, and since it is not possible to duplicate such evidence, such photographs should not be protected from disclosure. (Hayward v. Willard Mountain, 48 Misc 2d 1032.)
Claimants should be permitted to inspect any photographs of the accident scene taken by, and in the possession of the State. (Garcia v. New York City Tr. Auth., 19 A D 2d 530.)
There appears to be no contention that the furnishing of the reports made by the Bureau of Criminal Investigation Division of the Department of State Police would hamper or impede the prosecution of any criminal procedure.
The litigants are entitled to liberal pretrial disclosure of all matters necessary and material to preparation and trial of the issues, unless subject to specific privilege or exclusion under the statute.
This right extends not only to matter which may be primary evidence, but to all evidence which may be relevant in discovering evidence necessary to the prosecution of the claim. The ultimate decision of admissibility is left to the trial court. (Groben v. Travelers Ind. Co., 49 Misc 2d 14; West v. Æna Cas. & Ins. Co., 49 Misc 2d 28.)
■ The mere fact that documents may be inadmissible at the trial as evidence in chief should not prevent their disclosure at pretrial examination. (Rutherford v. Albany Med. Center Hosp., 48 Misc 2d 1017.)
On the argument of the motion it was asserted by the Attorney-General that claimants should be denied the right to inspect the affidavits of the troopers for the reason that those affidavits were obtained for use for “inter-departmental procedures ” to determine whether any action should be taken against the troopers with regard to their particular activities on the evening in question.
If such affidavits were so used, they are discoverable. (O ’Neill v. Manhattan & Bronx Surface Tr. Operating Auth., 27 A D 2d 185.)
None of the matter sought to be inspected by the claimants herein is entitled to protection from disclosure under the statute.
The. motion is granted.