Henry W. Lengybl, J.
Claimant filed a notice of claim against the State on February 24, 1967. Said claim sounds in tort and alleges that claimant was assaulted by a hospital attendant, Rene Vargas, while a patient at Creedmore State Hospital.
Claimant has moved herein for examination of “ all records relating to the employment of said Rene Vargas as a State employee, to include length of time employed, type of employ *1039 ment, names and addresses of • Ms supervisors, employment records showing efficiency reports setting forth observations of his propensities, etc.” The State agreed to furnish all of these records except “ employment records showing efficiency reports setting forth observations of his propensities, etc.”, to which it objected.
As stated in Jansen v. State of New York (53 Misc 2d 1005, 1006): “ The litigants are entitled to liberal pretrial disclosure of all matters necessary and material to preparation and trial of the issues, unless subject to specific privilege or exclusion under the statute.” We do not consider the full employment record of Bene Vargas to be privileged or a subject of statutory exclusion. We order that said record of employment be produced for examination before trial, inclusive of efficiency reports if same are a matter of record in said employment record.
Claimant also alleged in Ms moving papers, on information and belief, that Bene Vargas was the subject of a civil service disciplinary hearing arising out of the assault claimed herein. He demands that the record of such hearing be made available for examination before trial. The State vigorously opposed the motion in this respect.
We assume that if such disciplinary hearing was held, it was so held under section 75 of the Civil Service Law and sections 5 and 7 of the Mental Hygiene Law. We find nothing in the law indicating that such hearings are privileged. Although statements taken under oath at said hearing may not be admissible as evidence in chief at the trial of this claim, they certainly would be admissible for impeachment purposes, if such trial tactic was indicated. Claimant is entitled to examine the record of the civil service disciplinary hearing and same shall be produced at said examination before trial. (See Matter of Roge v. Valentine, 280 N. Y. 268, 276; O’Neill v. Manhattan & Bronx Surface Tr. Auth., 27 A D 2d 185, 186,187.)
Claimant did not include in his demands the examination of his own hospital record or any assault books maintained by the State hospital as same might relate to the alleged assault of December 6, 1966. We do not consider that his demand for “ such other and further relief as the Court may deem just and proper ’ ’ is sufficient for us to direct an examination of such records.
The motion herein is granted in accord with the above and the State shall produce at such examination employee Bene Vargas, an employee with knowledge of the aforesaid records ; and, said records.