Nathaniel T. Helman, J.
tfkis motion hjt the third-party plaintiff to strifes the interrogatories served hy the third-party defendant is denied.
*486 The main action is one to recover damages for personal injuries, in which defendant, as third-party plaintiff, instituted its third-party action praying for a declaratory judgment concerning issues of insurance coverage with regard to the respective parties.
A motion made by the third-party defendant for an order severing the third-party action from the main action for purpose of trial was granted on default on September 19,1968.
CPLR 3130 excludes the use of interrogatories as a disclosure device in an “ action to recover damages for an injury to property, or a personal injury, resulting from negligence, or wrongful death ”. In Fusco v. Enzo-Gutzeit O/Y (42 Misc 2d 101,104) the court extended this restriction to a cross complainant suing for breach of warranty, holding that the third-party complaint, although arising out of a contractual relationship, was dependent upon proof of negligence, and interrogatories except as they were “ germane to the contractual relationship ” were not authorized. The court took the view that the ,third-party plaintiff, having chosen the “ strategy ” of an impleader in the pending action, rather than the commencement of a new one, must accept the corresponding burdens. Such reasoning is not applicable, however, to the impleaded third-party defendant, faced with a new proceeding in which he seeks only the same disclosure remedies available to other litigants similarly situated.
The case at bar presents a different situation. Here, the third-party action is concerned with issues of insurance coverage only, and the broad scope of the interrogatories extends generally to matters which might concern an insurance company defendant seeking to avoid responsibility under the terms of its policy. In my view, it was not the intention of the Legislature in its denial of this disclosure device to parties to personal injury litigation to exclude other litigants only incidentally involved in the litigation from the benefit of normal procedures for disclosure. It is not uncommon today for lessees, sublessees, contractors, subcontractors, municipalities and governmental subdivisions, to find themselves brought into personal injury litigation when their interests can only be based on contract, statute or ordinance, and full disclosure as to the limited area of their liability should not be denied them simply because of the nature of the main action.
Furthermore, a severance having been ordered, the third-party action need no longer be regarded as an appendage to the main lawsuit. The latter action can await the determination of the mniTi action and the severance was undoubtedly so motivated. Third-party plaintiff shall, within 20 days of the publication hereof, submit answers to all of the interrogatories propounded.