Bertram Harnett, J.
Plaintiff, Michael Cimino, was injured when he slipped and fell on the curbing in front of a building *1041 owned by the defendant, Firestone Tire & Rubber Company (“ Firestone ”), a portion of which was leased to the defendant, Wardon ¡Stops, Inc. (“ Wardon ”).
In its answer, Wardon interposed a cross claim against Firestone on a theory of common-law indemnity, alleging that any negligence of Firestone was primary and any of Wardon was secondary.
In its answer, Firestone interposed a cross claim against Wardon alleging that Wardon had failed to maintain liability insurance on the premises for the benefit of Firestone, in violation of its lease with Firestone. Firestone claimed that it was entitled to indemnification from Wardon because of this.
On 'November 25, 1968, Firestone served a demand for a bill of particulars with respect to the cross claim interposed by Wardon.
Wardon, in its answer to the cross claim by Firestone against it, denies any knowledge or information sufficient to form a belief with respect to its own tenancy, and denies on information and belief the balance of the allegations in Firestone’s cross claim against it. Accordingly, on January 16, 1969, Firestone propounded interrogatories and a notice to produce for discovery and inspection to Wardon pursuant to CPLR 3130.
Wardon now moves for a protective order striking the interrogatories and vacating the notice to produce claiming:
1. Under CPLR 3130, interrogatories may not be served in a negligence action;
2. Under CPLR 3130, interrogatories may not be served in addition to a bill of particulars without leave of the court, and that they were served without such leave having been sought or obtained;
3. The interrogatories involved call for conclusions of law; and
4. The notice of discovery did not sufficiently particularize the documents to be produced.
The claim of Firestone against Wardon is for breach of a contractual obligation. Where a cross claim based upon a contract is interposed in an action sounding in negligence, interrogatories with respect to the contractual obligation, which is the basis of the cross claim, may be properly served (Fusco v. Enzo-Gutzeit O/Y, 42 Misc 2d 101; Reliance Ins. Co. v. Nedlloyd Line, 47 Misc 2d 640; Ford Motor Co. v. Burke Co., 51 Misc 2d 420). Accordingly, the interrogatories were properly served.
Warden’s second objection is also without merit. Its reliance on the literal wording of CPLR 3130 is misplaced. In this situation, the wording of CPLR 3130 is confusing. It states: ‘1 After *1042 commencement of an action * * * any party may serve upon any other party written interrogatories.” While the section refers to “an action ”, we have three actions in this case; the original negligence action, which we are not concerned with, and two cross claims, one by War don and one by Firestone. Firestone’s demand for a bill of particulars was served with regard to the cross claim against it. Firestone’s service of interrogatories was with respect to its own cross claim for failure to provide liability insurance. Under these circumstances, Firestone cannot be said to have propounded interrogatories and demanded a bill of particulars in the same action. Therefore, CPLR 3130 is not applicable, and, leave of the court is not necessary.
Upon reading the interrogatories which were served, the Court holds that they do not call for conclusions of law. They should be answered (cf. Brooklyn Bur. of Social Serv. v. Transamerica Ins. Co., 28 A D 2d 841).
The items sought in the notice to produce were the lease between the parties and the insurance policies, which Warden might have obtained for the premises. These items have been specified with reasonable particularity and War don is directed to produce them.
The defendant Warden is directed to answer the interrogatories received by it on January 16, 1969, within 10 days after service of the order to be settled herein, and to produce the lease and the policies of insurance, if any, called for in the notice to produce.