Daniel E. Fitzpatrick, J.
In an action to recover damages for personal injuries, wrongful death and loss of consortium alleged to have been sustained by reason of the negligence, breach of warranty and strict liability of defendants, defendants Chrysler move for an order of preclusion because of plaintiff’s failure to serve answers to interrogatories. Plaintiff cross-moves for a protective order striking certain items from the notice of discovery and inspection served by said defendants.
In opposition to the motion to preclude, plaintiff raises two objections to the service of the interrogatories. The first objection is that the defendants, having previously served a demand for a bill of particulars, may not, pursuant to CPLR 3130, serve written interrogatories without leave of the court. Secondly, plaintiff contends that the interrogatories are not available in wrongful death actions.
Plaintiff’s first objection is without merit since it appears that although originally a demand for a bill of particulars was served, it was subsequently withdrawn and interrogatories substituted in its place. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3130.03.)
In regard to the second objection, CPLR 3130 states: “ After commencement of an action, other than in an action to recover damages for an injury to property, or a personal injury, resulting from negligence, or wrongful death, any party may serve upon any other party written interrogatories.”
In Ford Motor Co. v. Burke Co. (51 Misc 2d 420) the court allowed the use of interrogatories as to causes of action to recover for property damages predicated upon breach of warranty, since the statute only excludes interrogatories in personal injury and property damage actions resulting from negligence. The wrongful death provision in the statute, however, follows the ‘‘ negligence ’ ’ limitation. While there have been cases holding that no interrogatories are allowed in wrongful death actions (Afrecan v. Caledonian Hosp., N. Y. L. J., Jan. 8, 1969, p. 18, col. 1; Shchurko v. Mid-Island Hosp., N. Y. L. J., Dec. 23, 1965, p. 10, col. 6) it appears that the wrongful death claims in these cases were predicated on malpractice. The law is that no interrogatories are allowed in a malpractice action, since negligence is the crux of the claim. (Fiorentino v. Jaques, 41 Misc 2d 972.)
*903 The court is thus faced with the novel issue of whether interrogatories should be allowed in a wrongful death action based not upon negligence but upon breach of warranty.
In reading CPLR 3130 it appears that the “negligence” limitation deals exclusively with the property damage and personal injury claim. The “wrongful death ”. claim, however, follows the limited-to-negligence language and would support a construction that interrogatories should be excluded in a wrongful death action predicated upon any ground. (Practice Commentary by Professor David D. Siegel, McKinney’s Cons. Laws of N. Y., Book 7B, C3130:3, p. 670.) In the aforementioned commentary, Professor Siegel points out (p. 671) the “ seeming conflict of legislative intentions from which the courts can choose ”. He states at page 671 that “It is not logical to exclude the interrogatory from the personal injury case predicated only on negligence, thereby allowing the use of the interrogatory when warranty or the like is the ground, while disallowing the interrogatory in any wrongful death case, including the one based on a breach of warranty.” Professor Siegel’s conclusion is that the language excluding the interrogatory only where liability is predicated on negligence should apply to the wrongful death claim as well as to the property damage and personal injury claims. This conclusion appears to be based upon the belief that the Legislature only intended to exclude interrogatories where liability was based on a claim of negligence. In seeking to find the legislative intent behind CPLE 3130, it must be pointed out that the Legislature in originally enacting the CPLE had eliminated use of interrogatories entirely. The Judicial Conference, in recommending that the present provisions for interrogatories be added, noted its awareness of the possible abuse of interrogatories in negligence and wrongful death cases, and stated: ‘ ‘ the bill herein proposed provides for the full use of interrogatories in any action except those in the area of negligence and wrongful death.” (Memorandum of Judicial Conference to the Legislature, N. Y. Legis. Annual, 1963, p. 53.) It is the opinion of this court that the intent of the Legislature was to exclude interrogatories in all wrongful death cases no matter on what theory of liability they are predicated, and not just those claimed to have been caused by negligence, since an action in the area of negligence would necessarily include a cause of action for wrongful death predicated on negligence. The wording of the statute and the recommendation of the Judicial Conference clearly make mention of exclusion of interrogatories in wrongful death actions separate *904 and apart from actions in negligence. If it had so intended to exclude interrogatories solely in negligence actions, the Legislature could have easily put the wrongful death claim in that part of the statute dealing with the negligence limitation. While the court agrees with Professor Siegel that it might not appear to be logical to allow interrogatories in a personal injury case based on breach of warranty, and exclude them in a wrongful death action predicated upon (he same theory of liability, it feels that this was the fault of the Legislature in enacting the statute in its present form. The court will not, under the guise of liberal construction, rewrite the statute, but may only interpret it according to the expressed intent of the Legislature.
The interrogatories served will not be stricken in their entirety, since interrogatories are allowed as to the fourth, sixth, seventh and ninth causes of action which are to recover damages for pain and suffering and loss of consortium allegedly caused by breach of warranty and on the theory of strict liability. (See Ford Motor Co. v. Burke Co., supra; Cranes, Inc. v. Manitowoc Co., N. Y. L. J., Feb. 3, 1970, p. 2, col. 7.)
Thus, interrogatories numbered 6, 7 through 9,11 through 21, 22(a) through (e), 23 through 25, 57, and 58(a) through (h), are stricken since they relate solely to negligence and wrongful death claims.
In regard to the cross motion by plaintiff, the court will not strike out 4 and 6, since defendants are entitled to medical reports (see 22 NYCRR 672.4) and registration certificates. As to items 7 and 8, the contention that the service and repair bills are not in plaintiff’s possession does not meet the test of CPLR 3120 allowing discovery and production of documents in the possession, custody or control of the party. (Fugazy v. Time, Inc., 24 A D 2d 443.) The parties agree that item 9 should be stricken and item 10 should also be stricken, since the notice is not sufficiently specific as to what particular correspondence is required. (Rios v. Donovan, 21 A D 2d 409.)
Accordingly, the motion by defendants is denied on condition that plaintiff serve answers to the interrogatories in conformity with the above opinion within 20 days after service upon her of a copy of the order to be entered with notice of entry. The cross motion by plaintiff is granted to the extent of striking items 9 and 10, and denied as to the rest.