(December 30, 1974)

■ SYDELLE ALLEN, as Administratrix of the Estate of CLEMENT H. ALLEN, Deceased, Appellant, v. JEROME MINSKOFF et al., Defendants, and SPIDER STAGING SALES Co., INC., Respondent. — Appeal by plaintiff from an order of the Supreme Court, Kings County, dated May 16, 1974, which granted a motion by defendant Spider Staging Sales Co., Inc., to vacate plaintiff's interrogatories. Order affirmed, without costs. No opinion. Latham, Cohalan and Brennan, JJ., concur; Shapiro, J., dissents and votes to reverse the order and deny the motion, with the following memorandum, in which Hopkins, Acting P. J., concurs: In this products liability action, plaintiff, as administratrix, seeks to recover damages for the wrongful death of the decedent, Clement Heath Allen. The complaint is grounded in negligence and breach of warranty. Plaintiff served written interrogatories on respondent which Special Term's order " set aside and vacated in their entirety as interrogatories are not permitted in a death action under the provisions of the CPLR." The majority of this court is affirming that order. I dissent

and vote to reverse, since I believe that, under a proper interpretation of CPLR 3130, interrogatories may be used in a wrongful death action based on a breach of warranty cause of action.[1] CPLR 3130, in pertinent part, reads: "After commencement of an action, other than in an action to recover damages for an injury to property, or a personal injury, resulting from negligence, or wrongful death, any party may serve upon any other party written interrogatories." Thus the statute, read literally, precludes the utilization of interrogatories in *all* wrongful death actions, no matter what the underlying theory of liability, but bars their use in actions for injury to property and personal injury actions *only when the latter actions are predicated on negligence.* I believe that, to effect the very evident purpose intended by the Legislature and to avoid a logically inconsistent result, the rule should be interpreted as if it read as follows: "After commencement of an action, other than in an action to recover damages for an injury to property, or personal injury, or wrongful death, resulting from negligence, any party may serve upon any other party written interrogatories." Starting with the premise that CPLR 3101, which "opens with the sweeping exhortation that '[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof'" (*Cirale* v. *80 Pine St. Corp.*, 35 N Y 2d 113, 116), and requires that disclosure demands, wherever reasonably necessary, should be granted, so that "each party should know as much about the other's claim as is fairly and appropriately possible" (*Padilla* v. *Damascus*, 16 A D 2d 71, 73, affd. 12 N Y 2d 1059), and that all of the scope-of-disclosure provisions should be so construed as to give effect to their salutary purposes, it is evident that the legislature could not rationally have intended to preclude interrogatories in a case like this even though the language used by its draftsman, literally read, would require the result reached at Special Term.[2] Respondent concedes that "the CPLR specifically allows interrogatories in an action based upon breach of warranty". Thus, if the decedent had not died and had brought a personal injury action based upon the same breach of warranty which is the basis of the present death action, the use of interrogatories would have been proper and clearly in accord with the law (*Santos* v. *Burns*, 40 A D 2d 987). Under such circumstances does it make any sense to believe that the Legislature intended that a decedent's representative has any lesser discovery rights? The question would seem to answer itself. The use of two other illustrations make manifest the absurd result reached if the construction adopted by Special Term and approved by a majority of this court be accepted. If in this action there had been joined a cause of action by a surviving injured party, he would be permitted to obtain interrogatories on his cause of action while the decedent's personal representative here

---

1. Although there are a number of Special Term decisions holding that interrogatories may not be used in a wrongful death action based on breach of warranty (*Rothholz* v. *Chrysler Corp.*, 62 Misc 2d 901; *Ford Motor Co.* v. *Burke Co.*, 51 Misc 2d 420), I have been unable to find any appellate court decisions on the subject.

2. CPLR 3130 is loosely drafted and its apparent inconsistencies are manifold. It is not surprising, therefore, that it has received critical reviews by eminent commentators (Dean McLaughlin, in 16 Syracuse L. Rev. 419, 449, and again in 22 Syracuse L. Rev. 54, 84, as well as Siegel, Practice Commentaries, McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3130:3, pp. 669–672).

cannot. Using yet another illustration, let us assume that the decedent in this action had instituted the present suit during his lifetime to recover damages for personal injuries and had then served written interrogatories upon respondent to which the respondent, it is conceded, would be compelled to reply. Assuming, further, that thereafter he died and that his personal representative, the present administratrix, were substituted in his place, and that she then served an amended or supplemental complaint containing an additional cause of action alleging that the injuries received by him were the cause of his death, would it then be held that the interrogatories could only be used in the pain and suffering cause of action but not in the wrongful death action? The Legislature could not have intended any such absurd result and the cases make it clear that " 'Every interpretation that leads to absurdity should be rejected.' " (*Flynn* v. *Prudential Ins. Co. of Amer.,* 207 N. Y. 315, 318) and that words and phrases in a statute should be so read as to give sense to the entire statute (*Matter of Moore* v. *Board of Educ., Union Free School Dist. No. 1, Town & City of Canandaigua,* 274 App. Div. 403, 410, affd. 299 N. Y. 666), even if it is necessary to alter the grammatical structure of a particular sentence (*People ex rel. Garvey* v. *Prendergast,* 148 App. Div. 129), or even to excise language therefrom (*Morgan* v. *Hedstrom,* 164 N. Y. 224, 230). Chief Judge Cardozo, in his inimitable style, phrased it thusly in *Surace* v. *Danna* (248 N. Y. 18, 25), when he said, " The end to be served, the mischief to be averted, supply the clews and the keys by which construction must be governed." Professor David B. Siegel put it in this manner, with direct reference to the particular question here at issue, when he said: " The wrongful death claim, as it appears in CPLR 3130, is going to need some appellate case law. Is the only wrongful death claim from which the interrogatory is excluded the one based on negligence? The 'negligence' limitation in CPLR 3130 appears to be limited to the property damage and personal injury claim. The 'wrongful death' claim follows the limited-to-negligence language, which would support a construction that the interrogatory is excluded from use in a wrongful death action predicated on any ground. Here there is ambiguity, or in any event a seeming conflict of legislative intentions from which the courts can choose. It is not logical to exclude the interrogatory from the personal injury case predicated only on negligence, thereby allowing the use of the interrogatory when warranty or the like is the ground, while disallowing the interrogatory in any wrongful death case, including the one based on a breach of warranty. The personal injury and wrongful death claims can be joined in one action, and if warranty were the predicate the interrogatory could then be used to probe liability on the personal injury claim but not on the wrongful death claim. This is a logical absurdity because, if the death were traceable to the injury, the liability for wrongful death would rest on the same foundation that supports the liability for the personal injury. It is submitted that the language excluding the interrogatory only where liability is predicated on negligence should apply to the wrongful death claim as well as to the property damage and personal injury claims. *Though this may somewhat upset the usual approach taken to statutory language, the language literally, applied in this instance would do damage to an intent emanating from the statute as a whole*" (emphasis supplied). Siegel, Practice Commentaries, McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3130:3, pp. 670–671.) If logical inconsistency is to be avoided, the order appealed from should be reversed **and** the respondent's motion to vacate the interrogatories denied.