Edward S. Conway, J.
This is a motion by the plaintiff for an order to compel the defendant to answer certain enumerated interrogatories which were served on it by the plaintiff.
The action on which the instant motion is predicated is to recover damages for personal injuries allegedly sustained by the infant plaintiff on October 28, 1973 while operating a manure spreader manufactured by the defendant. The complaint alleges that while Deborah Ribley was picking up a rock to place in the manure spreader wagon in order to remove it from the field, her hair became caught and entangled in the connecting drive shaft which runs along the side of the wagon. The complaint sounds in negligence and breach of implied warranty.
The plaintiff served upon the defendant 32 written interrog *745 atories. Interrogatories 9, 10, 11 and 12 deal with changes in the design of the drive shaft. Interrogatories 16, 17, 18, 19, 20 and 29 refer to any tests concerning the safety of the drive shaft and any published safety standards for exposed drive shafts by governmental agencies or professional or industrial organizations. Interrogatories 25, 26, 27 and 28 deal with requests for information concerning other personal injury claims in regard to drive shafts on the manure spreader wagon or similarly exposed drive shafts on other equipment manufactured by the defendant.
The plaintiff contends that all the interrogatories in dispute should be answered as of the present time.
The defendant contends that interrogatories are prohibited in an action to recover for personal injuries arising from negligence pursuant to CPLR 3130 and they should be prohibited in an action for strict product liability, and further, if the court deems interrogatories proper in this type of case, they should nevertheless be denied as to the present time because the discovery after the fact is neither material nor necessary and is improper, immaterial, inadmissible and prejudicial.
In actions involving both negligence and breach of warranty claims, it has been held that interrogatories with respect to the nonnegligence cause of action are permissible (Ford Motor Co. v Burke Co., 51 Misc 2d 420, 421; Gellis v Searle & Co., 40 AD2d 676; Cimino v Firestone Tire & Rubber Co., 59 Misc 2d 1040, 1041). The fact that some of the evidence sought by the contested interrogatories would not be admissible at trial does not invalidate an interrogatory so long as the evidence is material to the issues of the action (Jansen v State of New York, 53 Misc 2d 1005). The right to liberal pretrial disclosure extends not only to matters which may be primary evidence, but also to all evidence which may be relevant in discovering evidence necessary to the prosecution of the claims. The ultimate decision of admissibility should be left to the trial court (Groben v Travelers Ind. Co., 49 Misc 2d 14; Rutherford v Albany Med. Center Hosp., 48 Misc 2d 1017).
As long as evidence is material to the issues, the fact that it may have come into existence after plaintiff’s claim arose does not prevent its discovery per se, providing it is material to the issues of the case (Abrams v Vaughan & Bushnell Mfg. Co., 37 AD2d 833, 834).
The Court of Appeals in Allen v Crowell-Collier Pub. Co. (21 NY2d 403, 406) said: "The words, 'material and necessary’, *746 are, in our view, to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason. CPLR 3101 (subd. [a]) should be construed, * * * to permit discovery of testimony 'which is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable’ * * * 'The purpose of disclosure procedures * * * is to advance the function of a trial to ascertain truth and to accelerate the disposition of suits’ and * * * "' [i]f there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered 'evidence material * * * in the prosecution or defense’ ” ’.” (Emphasis supplied.)
In view of the foregoing, the plaintiff’s motion that defendant be directed to answer interrogatories 9, 10, 11, 12, 16, 17, 18, 19, 20, 25, 26, 27, 28 and 29 is granted.
Plaintiff to submit order.