WILLIAM J. SHUTT, as Administrator of the Estate of WILLIAM R. SHUTT, Deceased, Appellant, v. WALTER W. POOLEY, SR., Respondent.

Third Department, November 29, 1973.

*John Arneson* for appellant.

*Costello, Cooney & Fearon (Raymond R. D'Agostino* of counsel), for respondent.

COOKE, J. This is an appeal from an order of the Supreme Court at Special Term, entered March 8, 1973 in Madison County, which granted defendant's motion for a protective order and vacated plaintiff's notice for discovery and inspection of an automobile liability insurance policy.

This action was commenced on September 19, 1972 by personal service of a summons and complaint on defendant to recover for

the allegedly wrongful death of plaintiff's intestate which resulted from an automobile accident. The answer admitted ownership and control of the vehicle involved. On February 13, 1973, plaintiff served a notice of discovery and inspection calling for the production of defendant's automobile liability insurance policy and, on the next day, defendant moved to vacate the notice on the ground that the policy was not material and necessary to the prosecution of plaintiff's action.

Subdivision (a) of CPLR 3101 provides, in pertinent part, that " there shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action ". The word " evidence " has not been construed in a restrictive sense but rather to mean evidence required in preparation for trial (*Avila Fabrics* v. *152 West 36th St. Corp.*, 22 A D 2d 238, 241; *Groben* v. *Travelers Ind. Co.*, 49 Misc 2d 14, 16, affd. 28 A D 2d 650). Thus, there is permitted a pretrial disclosure of testimony or documents which, while themselves inadmissible, may lead to the disclosure of admissible proof (Wachtell, New York Practice Under the CPLR [4th ed.], pp. 251–252; 3A Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3101.04, 3111.04). If there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or for cross-examination or in rebuttal, it should be considered evidence " material " in the action (*Maloney* v. *Buffalo Sav. Bank*, 41 A D 2d 591; *Rohde* v. *State of New York*, 33 A D 2d 707; *Matter of Comstock*, 21 A D 2d 843, 844). The word " necessary " means needful and not indispensable (*State of New York* v. *De Groot*, 35 A D 2d 240, 242; 3A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.07).

In *Allen* v. *Crowell-Collier Pub. Co.* (21 N Y 2d 403), the Court of Appeals declared that " the words ' material and necessary ' are * * * to be interpreted liberally to require disclosure * * * of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity ", the test being " one of usefulness and reason." In deciding the question of whether the information sought is material and necessary, the courts possess a wide discretion which will be interfered with only when abused (*Allen* v. *Crowell-Collier Pub. Co., supra*, p. 406; *Matter of Head* v. *State of New York*, 32 A D 2d 999).

Although it is urged that pretrial disclosure of automobile liability insurance policies would encourage early settlement of lawsuits, this argument is not determinative and is at least debatable in that it could cut two ways. Acknowledging the unquestioned and worthy policy of liberality accorded disclosure,

the construction of subdivision (a) of CPLR 3101 so as to permit disclosure of the insurance coverage would be more a rewriting than a liberal interpretation of the statute.

As originally drafted by the Advisory Committee, subdivision (a) of CPLR 3101 would have read: "Full disclosure required. Except as otherwise specifically provided in these rules, there shall be full disclosure before trial of all relevant evidence and all information reasonably calculated to lead to relevant evidence." (First Preliminary Rep. of Advisory Committee on Practice and Procedure, p. 117; N. Y. Legis. Doc., 1957, No. 6b, p. 117.) In commenting on the effect of this provision on the discoverability of insurance, the Advisory Committee stated (N. Y. Legis. Doc. 1957, No. 6b, pp. 118–119): "The language adopted will not permit discovery of the amount of insurance in the average negligence case".

Despite the attempt by said committee to have more liberal disclosure provisions adopted, the Senate and Assembly committees concerned with the revision of the Civil Practice Act recommended that the then existing scope of disclosure be retained (N. Y. Legis. Doc., 1962, No. 8, p. 30). As a result, the original proposal was dropped and a new one adopted, using language similar to that of former section 288 of the Civil Practice Act (N. Y. Legis. Doc., 1961, No. 15, pp. 442–444; see 3A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.01). This latter recommendation was ultimately enacted into law. There is nothing in the legislative history of subdivison (a) of CPLR 3101 which suggests that the Legislature intended to include the discovery of liability insurance policies within the scope of disclosure and, indeed, the fact that, even under the more liberal original tentative draft, the Advisory Committee felt that such disclosure would not be permitted indicates that the Legislature, in enacting subdivision (a) of CPLR 3101, did not intend such discovery.

The Second Department, in *Fierman* v. *Cirillo* (40 A D 2d 976), stated that it was an improvident exercise of discretion to grant discovery and inspection of a defendant's liability insurance policy, and, in *Mosca* v. *Pensky* (42 A D 2d 708), held that such a disclosure in that case should be denied as a matter of law. On the latter appeal, the minority voted to affirm Special Term and declared that said court decided the issue properly as a question of discretion. Here, even under the rationale of the dissenters, reversal would not be justified.

Since the general rule is that the fact of insurance may not be divulged at trial, unless it is relevant to some material issue

directly raised by the pleadings such as ownership or control of the instrumentality causing the accident (*Leotta* v. *Plessinger,* 8 N Y 2d 449, 461), and since the existence and extent of insurance are not material and necessary to the prosecution of a plaintiff's suit unless jurisdiction therein is predicated upon an attachment of an insurance policy obligation to defend and indemnify (*Seider* v. *Roth,* 17 N Y 2d 111), this defendant's policy is not evidence material and necessary to the prosecution of plaintiff's action. Here, by discovery, there would be no sharpening of the issues. Therefore, Special Term properly refused to require disclosure.

The order should be affirmed, without costs.

HERLIHY, P. J., STALEY, JR., SWEENEY and KANE, JJ., concur.

Order affirmed, without costs.