Jasen, J.
The issue on this appeal is whether CPLR 3130 excludes the use of interrogatories in all wrongful death actions, regardless of the underlying theory of recovery pleaded.
Clement Heath Allen was a professional window washer, employed by the Apex Building Corporation. On March 23, 1972, Allen was at work at One Astor Plaza, a large office building located at 1515 Broadway, New York City. Allen was on the roof of the building, standing astride a scaffold which he was operating. The scaffold, which had been installed only two weeks earlier, suddenly tipped over and spilled Allen out over the parapet wall of the roof. Allen plunged to his death, falling 45 stories to the roof of a set-back portion of the building.
Sydelle Allen, the administratrix of Allen’s estate, brought a wrongful death action against the owners of the building, their managing agent, and the manufacturer of the scaffold, Spider Staging Sales Company, alleging that the negligence of the named defendants had brought about Allen’s death. The plaintiff also asserted, as a second cause of action, that Spider Staging had breached express and implied warranties that the scaffold had been properly designed and manufactured and was fit for its intended use. The plaintiff served written interrogatories upon Spider Staging, seeking information as to the manufacturing, testing and servicing procedures employed in the production of the scaffold. Special Term set aside the interrogatories, holding that "interrogatories are not permitted in a death action under the provisions of the CPLR.” The Appellate Division, two Justices dissenting, affirmed the order of the court below. Leave to appeal to our court was granted upon a certified question: Was the order of the Appellate Division properly made? We would hold that the service of interrogatories was properly set aside and answer the question certified in the affirmative.
In reaching a resolution of the issue presented on this appeal, we are persuaded by the legislative history of the present CPLR provisions respecting the use of interrogatories. In the initial draft of the revision of the civil practice laws, *509 the Advisory Committee on Practice and Procedure proposed that interrogatories be permitted in. all actions without limitation. The proposal was, in part, modeled after rule 33 of the Federal Rules of Civil Procedure. (First Report of the Advisory Committee on Practice and Procedure, Legis Doc [1957], No. 6[b], p 148.) Pursuant to the broad scope of rule 33, interrogatories have been widely used by practitioners in the Federal courts. (See 8 Wright & Miller, Federal Practice and Procedure, § 2163, pp 486-488; see, also, 4A Moore, Federal Practice, par 33.02.) However, the Legislature, concerned about possible abuse of the device, reacted to objections from the bar by removing the provisions authorizing the useKof interrogatories before it enacted the CPLR. (See Fifth Report of the Advisory Committee on Practice and Procedure, Legis Doc [1961], No. 15, p 471.) In his message approving chapter 308 of the Laws of 1962, which embodied the CPLR, Governor Rockefeller noted that "the absence of any provision for interrogatories as a disclosure device” was "among the more significant omissions from the legislation in its present form” (2 McKinney’s Session Laws of New York [1962], p 3621). The Governor stated that pre-effective date amendments in this area were "of vital importance if the advantages of modern pretrial disclosure, to litigants and to the Courts, are to be realized” (p 3622).
The present CPLR provisions governing the use of interrogatories were adopted prior to the effective date of the CPLR in response to the Governor’s suggestions. (See L 1963, ch 422.) The Judicial Conference, in recommending passage of these amendments, agreed with the Governor that some provision should be made in the CPLR for the use of interrogatories. However, the Judicial Conference also took cognizance "of the possible abuse of interrogatories in negligence and wrongful death cases. For this reason, the bill herein proposed provides for the full use of interrogatories in any action except those in the area of negligence and wrongful death.” (McKinney’s Session Laws of New York [1963], p 1969.) Thus, the present CPLR provision, section 3130, as enacted in 1963, provides that interrogatories may be served by any party after the commencement of an action other than "an action to recover damages- for an injury to property, or a personal injury, resulting from negligence, or wrongful death”.
The curious draftmanship of CPLR 3130 has caused serious difficulties in several respects. Where an injured party asserts, *510 in a personal injury action, both negligence and breach of warranty claims, the courts have been compelled to draw a careful line between the two theories and have permitted the service of interrogatories only with respect to the breach of warranty claim, notwithstanding that the two claims stem from the same accident. (See Gellis v Searle & Co., 40 AD2d 676; Ford Motor Co. v Burke Co., 51 Misc 2d 420; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3130:3.) Similarly, where a plaintiff asserts a negligence cause of action against several defendants, he is precluded from serving interrogatories, while a defendant who cross-claims for breach of warranty may serve them against a codefendant. (See Cimino v Firestone Tire & Rubber Co., 59 Misc 2d 1040.) Yet, the plaintiff and the cross-claiming defendant may both be seeking the same information.
The dissenters at the Appellate Division point to another anomaly. If the injuries to Clement Allen had not proved fatal, he might have served interrogatories in a personal injury action based upon the breach of warranty. However, now that he is dead, his administratrix cannot serve interrogatories. The problem is even more acute where the injured party does commence a personal injury action, but dies while the action is pending. If the personal representative were to continue the action and' have the complaint amended to include a wrongful death claim, interrogatories might arguably be precluded. The foregoing discussion of the knotty problems generated by the awkward wording of the statute should not be read as either approving or disapproving any of the approaches previously taken by the lower courts in interpreting the language of CPLR 3130. We recognize the existence of these difficulties even though we need not resolve them in this case as they are not properly before us.
In fairness to the authors of the present legislation, it must be pointed out that, in 1962, few anticipated the impending drastic changes in the law of products liability. Beginning in the early 1960’s, the citadel of privity was repeatedly challenged and breached. (See, e.g., Greenberg v Lorenz, 9 NY2d 195; Randy Knitwear v American Cyanamid Co., 11 NY2d 5; Goldberg v Kollsman Instrument Corp., 12 NY2d 432; Codling v Paglia, 32 NY2d 330; Velez v Crane & Clark Lbr. Corp., 33 NY2d 117.) As a result, the concept of negligence, which flows from tort law, and the concept of breach of warranty liability, which is created by contractual obligations, have become *511 increasingly intertwined and the prior distinctions between the two have become somewhat blurred. (See Victorson v Bock Laundry Mach. Co., 37 NY2d 395, 401-402.) As a result, it is understandable that the anomalies contained in CPLR 3130, which are now so apparent, were not discerned at the time the statute was proposed. Accordingly, we believe the Legislature may wish to reconsider the statute now limiting the use of interrogatories in certain actions in view of our decisional law since its enactment.
Despite the inconsistencies inherent in the present statute, the court must apply that statute as it is written. "A statute must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration.” (Lawrence Constr. Corp. v State of New York, 293 NY 634, 639.) For this reason, we may not, as suggested by the dissent at the Appellate Division, rearrange the wording of CPLR 3130. Given the clear legislative intent to restrict the use of interrogatories in certain situations, we hold that the statute must be fully applied. (Rothholz v Chrysler Corp., 62 Misc 2d 901, 903.) Since the Legislature has proscribed the use of interrogatories in wrongful death actions, regardless of the theoretical predicate for the imposition of liability, the courts below properly set aside the unauthorized service of the interrogatories in this case.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs. Question certified answered in the affirmative.