Chief Judge Breitel (dissenting).
The majority relies upon cases invoking ordinances with language quite different from that involved in this case. With the analysis of those cases I have no disagreement.
Section 5.1.7 of the Zoning Ordinance of the Village of Croton-on-Hudson in pertinent part provides: "A lot owned individually and separately, and separated from any adjoining tracts of land on January 22, 1962, which has a total area or width less than prescribed herein may be used for a one-family residence in RA Districts and a two-family residence in RB Districts”.
Read in accordance with its syntactical construction, the ordinance prescribes two standards for an exception: (1) the lot must be owned individually and separately, and (2) the lot must have been separated from any adjoining tracts on January 22, 1962. True, where a contrary intent or an absurd result would otherwise follow, strict rules of grammar and punctuation will be disregarded (see McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 251, 253). The ordinance should, *279 however, be read as it is written and the court should not "rearrange the wording” of the ordinance (see Allen v Minskoff, 38 NY2d 506, 511). The use of the comma before the conjunction "and” indicates that the first clause imposes a requirement separate and independent from that imposed by the second.
The proper syntactical rendering of the ordinance makes sense. Cases in which courts have reconstructed the syntax or punctuation of a statute did so because the statutory language was deficient in making its meaning clear (see, e.g., Matter of Brooklyn El. R. R. Co., 125 NY 434, 444-445, where to make legislative sense a comma was "removed”). That is not the situation here.
Judges Gabrielli, Wachtler and Cooke concur with Judge Jasen; Chief Judge Breitel dissents and votes to reverse in an opinion in which Judges Jones and Fuchsberg concur.
Order affirmed, with costs.