HARRY J. RIBLEY, as Parent and Natural Guardian of DEBORAH RIBLEY, an Infant, et al., Respondents, v HARSCO CORP., Appellant.

Third Department, May 12, 1977

Dugan, Lyons, Pentak, Brown & Tobin (Edwin J. Tobin of counsel), for appellant.

De Graff, Foy, Conway & Holt-Harris (Michael Cunningham and John T. De Graff, Jr., of counsel), for respondents.

HERLIHY, J. This is an action to recover damages for personal injuries sustained by plaintiff Deborah Ribley when her hair became entangled in a drive shaft of a manure spreader which she was operating on her father's farm on October 28, 1973. Miss Ribley had stopped to pick up a rock in the field when her hair became entangled in the drive shaft causing a total avulsion of her scalp and other injuries.

The manure spreader had been manufactured by the defendant in 1961. The machine was shipped by the defendant to a dealer in 1961 and it was subsequently sold by the dealer to a customer in 1964. Subsequently, the dealer repossessed the machine and sold it to one Royal Ribley in 1966. The detailed statement of the background facts is contained in the decision of Special Term (84 Misc 2d 744).

Upon this appeal the defendant primarily contends that interrogatories are not permitted under the doctrine of strict products liability because such cause of action is simply an extension of liability in negligence and CPLR 3130 prohibits interrogatories as to negligence liability for personal injuries.

The defendant does not dispute that interrogatories would properly be allowable in this action if the plaintiffs were proceeding in negligence and breach of warranty instead of negligence and strict products liability (see *Allen v Minskoff,* 38 NY2d 506, 509-510).

While great emphasis is placed upon analogy to seek a holding that strict products liability is only negligence in another guise, the first question should be whether "analogy" is appropriate in the face of the literal language of CPLR 3130 prohibiting interrogatories as to injuries "resulting from negligence, or wrongful death". The reasons underlying the exclusion of interrogatories as a disclosure device in negligence actions were referred to in the case of *Allen v Minskoff (supra).* We find no intention on the part of the Legislature

that the exclusion be applied not only to negligence causes of action but also to causes of action which might have similarities to negligence pleadings. Furthermore, in the case of *Codling v Paglia* (32 NY2d 330, 335) it was expressly noted that proof of negligence was unnecessary as to a manufacturer of a defective product where the defect caused injuries, with various provisos *(id.,* p 342). In the case of *Victorson v Bock Laundry Mach. Co.* (37 NY2d 395, 402) it was recognized that a cause of action for strict products liability "sounds in tort", but it is clear from the language of CPLR 3130 that only the tort of negligence and/or damages for wrongful death excludes discovery by interrogatories. Whatever strict products liability might be when considering the question of negligence, it rests on an ultimate basis distinct from negligence. The cause of action arises not essentially from a lack of due concern by a defendant for others, but instead from a failure to so construct a particular device as not to cause injury by defective construction (design or manufacture) and then putting the defective device into the possession of others for a profit motive (cf. *Barry v Manglass,* 55 AD2d 1, as to the relationship of strict products liability to an established rule of evidence utilized in negligence cases).

We find that CPLR 3130 does not exclude interrogatories where damages are sought for strict products liability as long as the interrogatories are limited to that cause of action.

The defendant contends that the interrogatories are in any event improper and should have been restricted. Special Term clearly was aware of the appropriate tests to be applied to interrogatories and we find that the defendant has not established any clear abuse of discretion by Special Term when it is considered that simply because disclosure is allowed does not mean that the material would be admissible in evidence *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403; *Shutt v Pooley,* 43 AD2d 59, 60).

The order should be affirmed, with costs.

KOREMAN, P. J., GREENBLOTT, KANE and MAIN, JJ., concur.

Order affirmed, with costs.