OPINION OF THE COURT
B. Thomas Pantano, J.
Plaintiff sues herein for personal injuries and her complaint alleges three separate causes of action, the first two sounding in negligence, i.e., malpractice of the doctor defendant, while the third cause of action alleges: "15. On or about May 13, 1975, defendant, wilfully, knowingly, intentionally and maliciously, assaulted and battered plaintiff, Susan Greenberg and *990 operated upon her by performing an abortion without said plaintiffs knowledge or consent.”
The plaintiff has deposed the defendant doctor and now seeks to secure additional answers by way of interrogatories in support of her third cause of action.
Defendant has moved for a protective order striking the interrogatories contending that CPLR 3130 bars the use of interrogatories in a negligence action and, therefore, the plaintiff is not entitled to use this disclosure device. In opposition to the motion plaintiff states that the interrogatories are for the purpose of soliciting evidence in support of the third cause of action, and since that is founded on an assault CPLR 3130 is not a bar to the use of this device.
Where more than one cause of action is pleaded in a negligence action the issue presented is not a novel one. This was recognized in the case of Allen v Minskoff (38 NY2d 506, 509-510), where the court said: "The curious draftsmanship of CPLR 3130 has caused serious difficulties in several respects. Where an injured party asserts, in a personal injury action, both negligence and breach of warranty claims, the courts have been compelled to draw a careful line between the two theories and have permitted the service of interrogatories only with respect to the breach of warranty claim, notwithstanding that the two claims stem from the same accident [citations].”
The statute deals with the tort of negligence only and as such it should not be extended by judicial fiat.
Thus the right to interrogatories in a personal injuries claim pressed under the doctrine of strict liability has been upheld. (Ribley v Harsco Corp., 57 AD2d 228.)
In the instant case, were the court to deny the plaintiff the right to interrogatories on her third cause of action, it would be adding to the statute a tort not embraced thereby. As Professor Siegel suggests in the Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR 3130:3, p 671): "A liberal view of disclosure would prompt the holding where underlying bases of liability conflict and any of them allows the device of the interrogatory, the device should be allowed.”
The defendant’s motion is, therefore, denied and the interrogatories are permitted solely as they apply to the third cause of action.
The court recognizes the plaintiff husband’s causes of action
*991 and since they are derivative has not discussed them separately.