OPINION OF THE COURT
Bentley Kassal, J.
At the oral argument, at the request of the court, the parties stipulated that the interrogatories could be classified *870 for purposes of this motion and agreed that (1) interrogatories 1-36 and 41-44 deal with background information and injuries common to all causes of action; (2) interrogatories 37-40 relate to claims of negligence and; (3) interrogatories 45-90 relate to claims of strict liability and breach of warranty.
ISSUE
On the basis of the stipulation between the parties, the only issue raised is whether interrogatories are available as a discovery device with respect to claims of breach of warranty and strict liability when such claims are joined with negligence claims in the complaint. A subsidiary issue is whether interrogatories may be employed for discovery with respect to facts common to both claims.
These issues arise by reason of express language in CPLR 3130 precluding the use of interrogatories in actions for injury "resulting from negligence”.
This issue was specifically raised and discussed by the Court of Appeals in the recent case of Allen v Minskoff (38 NY2d 506). While suggesting that the Legislature reconsider CPLR 3130, the court declined to resolve the issue on the ground that it was not properly before the court in that case. (Allen v Minskoff, supra, pp 510-511.)
DECISION
Although breach of warranty and strict liability are hybrids of contract and tort law (see Allen v Minskoff, supra, pp 510-511), at least two courts have previously accepted the proposition that these new theories are not within the ambit of the statutory prohibition of the use of interrogatories with respect to negligence claims, even when joined with negligence claims in the same complaint. (Ford Motor Co. v Burke Co., 51 Misc 2d 420; Gellis v Searle & Co., 40 AD2d 676.)
Although the Court of Appeals in Allen v Minskoff (supra, p 510), expressly refused to approve or disapprove this approach, in my judgment it is proper. The guiding principle of CPLR article 31 is that "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action” (CPLR 3101, subd [a]). In view of this principle, the limitation placed on the use of interrogatories by CPLR 3130 must be strictly construed.
I therefore agree with the eminent commentators (Me *871 Laughlin, 16 Syracuse L Rev 419, 449; and 22 Syracuse L Rev 54, 84; and Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3130:3, pp 669-672 [1970], Pocket Part, pp 116-117) that interrogatories may be employed with respect to the claims of strict liability and breach of warranty and allegations common to these claims and others. This is true since neither strict liability nor breach of warranty requires proof of the element of negligence. (See, generally, Prosser, Torts [4th ed], § 95, p 636.)
Since the parties have agreed that this is the only issue that the court need decide on this motion, they may settle an order accordingly.