Hon. Robert P. Whalen Commissioner Department of Health
This is in response to a letter from Jerome T. Levy, Esq., Counsel to the Department of Health, wherein my opinion is requested as to whether the Hospital Review and Planning Council has the authority to promulgate regulations for the establishment of the schedule of rates that hospitals may charge their patients. The letter cites as authority for such position sections 2803 (2) (b) and 2807 of the Public Health Law.
Public Health Law, § 2803 (2) (b) provides as follows:
 "2. The council, by a majority vote of its members, shall adopt and amend rules and regulations, subject to the approval of the commissioner, to effectuate the provisions and purposes of this article, including but not limited to * * * (b) establishment by the department of schedules of rates, payments, reimbursements, grants and other charges for hospital and health-related services as provided in section two thousand eight hundred seven." (Emphasis supplied.).
The council refers to the State Hospital Review and Planning Council (Public Health Law, § 2801 [b]). The definition of a hospital is set forth in Public Health Law, § 2801 (1).
Public Health Law, § 2807 is entitled Payments for Hospital and Health-Related Service. Said section deals with payments for hospital and health-related services by governmental agencies, Article IX-C Corporations of the Insurance Law and health maintenance organizations pursuant to Article 44 of the Public Health Law.
Neither the above sections of the Public Health Law nor any other sections of law that I can ascertain mention any control or regulation by the State Hospital Review and Planning Council on the establishment of the schedule of rates that hospitals may directly charge patients. Section 2807 provides only for the promulgation of regulations to establish the schedule of rates of payment that hospitals may charge the entities set forth in said section 2807. Statutory language that is clear and unambiguous must be interpreted as written (McKinney's Consolidated Laws of New York, Book 1, Statutes, § 76).
In People v. Women's Christian Association of Jamestown, Inc., et al.,56 A.D.2d 101, Third Department, 1977, the Appellate Division affirmed Special Term's denial of plaintiff Department of Health's application for a preliminary injunction to enjoin defendant hospital from increasing charges to its patients after the hospital had terminated its contract with Blue Cross (Article IX-C Corporation).
The Court dealt with the probability of success on the merits of the underlying action for a permanent injunction against the hospital from increasing the charges to its patients above the level of payments that the hospital had charged the Article IX-C Corporation. The Court stated at 56 A.D.2d 104, in relevant part, as follows:
 "In this instance, the statute plainly provides only a system of indirect controls over medical costs by expressly establishing procedures soley to limit the rates of payments made for health services by corporations such as Blue Cross. No mention is made therein of maximum hospital charges, and the law clearly contains no prohibition upon a hospital's charging individual patients for costs in excess of their respective insurance coverages. Accordingly, it being incumbent upon the courts to give effect to legislation as it is written, and not as they or others might think it should be written (Allen v. Minskoff, 38 N.Y.2d 506; Lawrence Constr. Corp. v. State of New York, 293 N.Y. 634; McKinney's Cons. Laws of N.Y., Book 1, Statutes, § 73), we must conclude that plaintiffs have failed to demonstrate that they will likely succeed on the merits in the underlying action."
Thereafter, a motion and cross-motion for summary judgment involving the permanent injunction were filed respectively by both parties at Special Term. Special Term granted summary judgment in favor of the defendants on the merits. The Appellate Division affirmed the judgment without opinion on November 23, 1977 and cited as the basis for its holding the aforementioned case of People v. Women's Christian Association ofJamestown, Inc., et al., ibid.
The Court of Appeals unanimously upheld the holding of Special Term and the Appellate Division, and affirmed the judgment at 44 N.Y.2d 466 May 9, 1978. The basis for the holding was that sections 2803 (2) (b) and 2807 of the Public Health Law did not extend to the cost controls that hospitals may charge private patients not covered by section 2807.
It is clear that the courts hold that there is no provision or authority of law for the State Hospital Review and Planning Council to regulate the rates that hospitals may directly charge patients who would not be included or covered by said section 2807.
These holdings are buttressed by the fact that the Legislature at the past session enacted Chapter 767 of the Laws of 1977. This law amended the Workmen's Compensation Law to provide that any payments for hospital or health-related services for employees made by employers liable under the Workmen's Compensation Law or Volunteer Firemen's Benefit Law must be certified by the Commissioner of Health. This demonstrates that the Legislature realizes that all patients are not covered by Public Health Law, § 2807, and the State Hospital Review and Planning Council does not have the authority to regulate the establishment of rates that hospitals may directly charge patients who would not be specifically covered by said section 2807.
Accordingly, I conclude that the State Hospital Review and Planning Council has the authority pursuant to Public Health Law, §§ 2803 (2) (b) and 2807 to adopt regulations, subject to the approval of the Commissioner, for the establishment of the schedule of rates of payment for hospital and health-related services that hospitals may charge governmental agencies, Article IX-C of the Insurance Law Corporations and Article 44 of the Public Health Law health maintenance organizations only.