RICHARD BAXTER, Appellant, v IRVING ORANS et al., Defendants, and JIM BYRNE CLUB, INC., Respondent.—Order, Supreme Court, New York County, entered December 13, 1977, which denied in part plaintiff's motion to compel discovery and inspection of the 11 enumerated items in his notice for discovery, unanimously reversed, on the law, without costs and disbursements, to the extent appealed from and the motion granted in its entirety. Special Term erred in denying discovery and inspection of repairs made after the accident of September 21, 1974. "Subdivision (a) of CPLR 3101 provides, in pertinent part, that 'there shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action'. The word 'evidence' has not been construed in a restrictive sense but rather to mean evidence required in preparation for trial *(Avila Fabrics v. 152 West 36th St. Corp.,* 22 A D 2d 238, 241; *Groben v. Travelers Ind. Co.,* 49 Misc 2d 14, 16, affd. 28 A D 2d 650). Thus, there is permitted a pretrial disclosure of testimony or documents which, while themselves inadmissible, may lead to the disclosure of admissible proof (Wachtell, New York Practice Under the CPLR [4th ed.], pp. 251-252; 3A Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3101.04, 3111.04)" *(Shutt v Pooley,* 43 AD2d 59, 60). "The fact that some of the evidence sought * * * would not be admissible at trial does not invalidate an interrogatory so long as the evidence is material to the issues of the action [citation]. The right to liberal pretrial disclosure extends not only to matters which may be primary evidence, but also to all evidence which may be relevant in discovering evidence necessary to the prosecution of the claims. The ultimate decision of admissiblity should be left to the trial court [citations]. As long as evidence is material to the issues, the fact that it may have come into existence after plaintiff's claim arose does not prevent its discovery per se, providing it is material to the issues of the case *(Abrams v Vaughn & Bushnell Mfg. Co.,* 37 AD2d 833, 834)" *(Ribley v Harsco Corp.,* 84 Misc 2d ·744, 745, affd 57 AD2d 228). In light of the aforesaid, we note, but do not evaluate, plaintiff's argument as to admissibility, to wit, that there is a permissible factual inference that, without proof to the contrary, the existence of a condition, subsequent to an accident, is substantially the same as it was at the time of the accident. In addition, we observe that defendant's failure to timely move for a protective order and the absence of good cause being demonstrated to justify Special Term's granting of a protective order on its own initiative, mandate the grant of

plaintiff's motion to compel discovery. Concur—Lupiano, J. P., Birns, Silverman, Evans and Sandler, JJ.