OPINION OF THE COURT
Bentley Kassal, J.
ISSUE
Does the CPLR 3130 proscription against the use of interrogatories in negligence actions prevent their use by a merchant-seaman plaintiff, suing for personal injuries, based upon two theories of liability, unseaworthiness and negligence?
FACTS
Defendant, representing the owner of the vessels on the high seas, moves to strike plaintiff’s interrogatories on the ground that the use of interrogatories is not permitted in actions for personal injuries, resulting from negligence. (CPLR 3130.)
The complaint herein seeks damages resulting from liability based on negligence and/or unseaworthiness. As stated in the well-reasoned decision in Wood v American Export Is *136 brandtsen Lines (NYLJ, Aug. 27, 1974, p 2, col 5) the unseaworthiness claim is a cause of action completely distinct from that of negligence and, as such, is properly the subject of interrogatories.
Nor is plaintiff precluded from employing interrogatories because the complaint joins claims of negligence and unseaworthiness. Interrogatories directed to unseaworthiness and even those directed toward information common to both claims are proper. (See Goff v Econetics, Inc., 94 Misc 2d 869.) Although some of the interrogatories herein may relate to the negligence cause of action, all may be sustained as relating to the unseaworthiness claim as well.
Finally, the resolution of this motion should also be viewed in terms of the present jurisprudential attitude, as manifested by the mounting and, in this court’s opinion, deserved criticism of the present statutory proscription against the use of interrogatories in negligence claims. (See, generally, Allen v Minskoff, 38 NY2d 506; Twenty-Third Ann Report of NY Judicial Conference, 1978, p —; 29 Syracuse L Rev 502.)
DECISION
For all of the above reasons, the motion to strike the interrogatories is denied. Defendants shall serve answers to the interrogatories within 20 days of service of a copy of this order with notice of entry.