OPINION OF THE COURT
Jeremiah J. Moriarty, J.
This is a motion, pursuant to CPLR 3120, for discovery and inspection of certain items previously marked for identification, or otherwise identified, at an examination before trial. While there is substantial agreement between the parties as to the disclosability of documents described in paragraphs “b”, "c”, "d” and "e” of the notice of motion, they remain at odds over item "a”. At issue is whether the State should be required to retrieve, from its wealth of information maintained on computer tape, a printout of the five-year accident history of the highway intersection where claimants were injured. After a careful review of the papers before the court, and deliberation upon the pertinent authorities and the arguments of counsel, we conclude that the information requested by claimants is discoverable, and that the State must produce a printout of the computer information for inspection and copying by claimants.
On the evening of May 7, 1977, the claimant Estella C. Ball was operating a vehicle owned by her husband, the claimant Harry E. Ball, southerly on New York State Highway Route No. 36, at or near its intersection with Colby Street in the Town of Ogden, County of Monroe. Harry E. Ball and their infant son, Brian E. Ball, also a claimant herein, were passengers in the automobile. As Mrs. Ball drove southerly through the intersection of Route 36 and Colby Street, their automobile was struck by a vehicle which was then being driven by one Donald L. Lucas in a westerly direction on Colby Street.
*556 These three actions are brought in order to recover all damages sustained by the claimants as a result of this accident. Claimants attribute the following acts and omissions, claimed to be negligent, to the State:
"b. that the aforesaid accident and the injuries sustained by the Claimant, Claimant’s son and Claimant’s husband were caused without negligence on the part of the Claimant, Claimant’s son and Claimant’s husband and by reason of the negligence and carelessness of the state of new york, its agents, servants and employees in that the state of new york failed to erect or cause to be erected or maintained proper or adequate warning and traffic control signs, notices and devices so as to give effective and adequate notice or warning of the presence and existence of the intersection of the foregoing highways, as well as to control and regulate the flow of traffic at the intersection, a source of great danger and hazard to motorists traveling toward the intersection upon either Route #36 or Colby Street as the result of obstruction of sight distance at the intersection caused by the presence of physical structures erected in close proximity to the intersection.
"c. that the state of new york had actual knowledge of the dangerous character of the intersection and of the inadequacy and ineffectiveness of the warning and traffic control signs and devices installed and in place at the time of the accident herein so as to adequately warn and control traffic proceeding on Colby Street toward its intersection with New York State Highway Route #36 or sufficient time had elapsed prior to the accident herein so that with the exercise of reasonable care and diligence on the part of the state, the state should have had notice and knowledge thereof.”[1]
Claimants seek an order permitting them to discover, inspect and copy a computer printout of auto accidents occurring at the intersection of Route 36 and Colby Street for a period of five years immediately prior to the accident giving rise to these claims.
On February 28, 1979, David C. Powell, an employee of the New York State Department of Transportation, was deposed pursuant to an order of this court. In the course of his examination, Mr. Powell described the computer information which is the subject of this motion. He acknowledged that *557 while the Department of Transportation receives a fair percentage of reports of accidents on the highways of this State, they do not receive all the accident reports in the region; that all motor vehicle accidents are reported to the State Department of Motor Vehicles and are put on computer tapes; that the Department of Transportation has access to and receives those computer tapes; that the tapes are in such a form that they can key accidents to a particular location (which locations are referenced by road markers to the nearest one tenth of a mile); that a computer printout prepared from those tapes would yield such data as a brief verbal description of the accident, direction of travel, road conditions, type of control at intersection, and, possibly, contributing cause of the accident; and that upon an appropriate request from his department, the computer in Albany could retrieve the information sought and return the printout within 24 hours.
Mr. Powell further testified that his office initiated two traffic studies (one in January, 1976; the other in November, 1976) concerning the intersection of Route 36 and Colby Street, in which the accident history for a period of five years prior to the study was reviewed. He had in his possession at the deposition a summary report of those accidents which was prepared from the computer printout, but he did not have the computer sheet in his records.[2]
CPLR 3101 (subd [a]) defines the broad parameters of pretrial disclosure to include "all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof’. CPLR 3120 (subd [a], par 1, cl [i]) prescribes the method (inspect, copy, test or photograph) for the disclosure of tangible "things which are in the possession, custody or control of the party served, specified with reasonable particularity in the notice”.
Neither party has been able to cite to the court any pertinent New York authority, in which the disclosability of information stored on computer tape, and retrievable in a printout, has been decided or discussed; nor has the court’s research uncovered any such discussion. However, claimants’ counsel refers us to a case arising in the Federal District Court in the Western District of Virginia as authority in favor of the relief requested.
*558 In Adams v Dan Riv. Mills (54 FRD 220, 221), an action which involved allegedly racially discriminatory employment practices by the defendant, plaintiffs sought, pursuant to rule 34 of the Federal Rules of Civil Procedure (US Code, tit 28, Appendix),[3] discovery and inspection of "defendant’s current computerized master payroll file and all computer print-outs for W-2 forms of the defendant’s employees as far back as they were retained.” Defendant argued that the request went beyond the scope of allowable discovery; that much of the information sought was repetitive and irrelevant; that the information was privileged since it involved labor costs which, it contended, were trade secrets; and that under the rules documents did not have to be produced in specific form. Plaintiffs argued that they needed the printouts to prepare accurate, up-to-date statistics relevant in determining the existence of discriminatory practices, and that the computerized data was more inexpensive, and reliable, and less time consuming and susceptible to error compared with human labor.
The court rejected each of the defendant’s arguments and permitted discovery of the computer cards, tapes and printouts.[4] In so ordering, the court referred to the notes of the Advisory Committee on Rules pertaining to rule 34, in which the committee expressed an awareness of the effect which technological advances in the field of data processing might have on discovery. The committee specifically noted the possibility that devices available to a respondent might well be needed to retrieve and transform information into a reasonably usable form.
Subsequent Federal decisions have followed the lead of the court in Adams v Dan Riv. Mills (supra) and have permitted *559 disclosure of computer based information, including printouts and tapes containing raw data. (See United States v Davey, 543 F2d 996; Donaldson v Pillsbury Co., 554 F2d 825, cert den 434 US 856; cf. Pearl Brewing Co. v Schlitz Brewing Co., 415 F Supp 1122 [where disclosure was denied under the material prepared for litigation exception to the broad scope of disclosure otherwise inherent in the Federal Rules of Civil Procedure; see rule 26, subd (b), pars (1), (4), cl (B)].)[5]
The State opposed this motion on a number of grounds which can be summarized as follows: (1) The computer printout would not be competent evidence at trial and is therefore not subject to disclosure, nor have claimants demonstrated the materiality or relevancy of the item sought. (2) Disclosure of the printout would be repetitive since the same information is available in MV-104 accident reports which are public records to which claimants can otherwise have access. (3) To grant claimants access to defendant’s computers would set a dangerous precedent by allowing use of the State’s resources at State expense to conduct claimants’ pretrial preparation and investigation.
As already noted, CPLR 3101 (subd [a]) permits pretrial disclosure of "all evidence material and necessary in the prosecution or defense of an action”. Thus, the first objection of the State is that the computer printout sought does not fall within the precise definition of the scope of pretrial disclosure.
With regard to the State’s objection that the computer printout sought would not be admissible as evidence in the trial of this matter, it should be noted that rule 26 (subd [b], par [1]) of the Federal Rules of Civil Procedure specifically rejects inadmissibility at trial as grounds for objection to a request for disclosure, so long as the "information sought appears reasonably calculated to lead to the discovery of admissible evidence.” Although the CPLR provision with re *560 gard to the scope of disclosure does not contain parallel verbiage, it is clear that the language of the CPLR has been interpreted by the courts of this State so as to be virtually parallel with the Federal provision above quoted. Further, the courts of this State have been loathe to attach a restrictive meaning to the term "evidence material and necessary” as it is used in CPLR 3101 (subd [a]). The Court of Appeals has stated: "The words, 'material and necessary’, are, in our view, to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason.” (Allen v Crowell-Collier Pub. Co., 21 NY2d 403, 406.) Further, the term "evidence” has not been restrictively equated with only that evidence which would be admissible upon the trial of the matter. "Thus, there is permitted a pretrial disclosure of testimony or documents which, while themselves inadmissible, may lead to the disclosure of admissible proof (Wachtell, New York Practice Under the CPLR [4th ed.], pp 251-252; 3A Weinstein-Korn-Miller, N. Y. Civ. Prac., pars 3101.04, 3111.04).” (Shutt v Pooley, 43 AD2d 59, 60; see, also, Baxter v Orans, 63 AD2d 875; Avila Fabrics v 152 West 36th St. Corp., 22 AD2d 238; Dunlop Tire & Rubber Corp. v FMC Corp., 90 Misc 2d 876, 879.)
It is clear that disclosure of the requested computer printout will serve precisely the purposes envisioned by those courts which have been called upon to interpret the scope of disclosure permissible under CPLR article 31. Whether the printout or information contained therein will be inadmissible at trial, ostensibly on the grounds of incompetency, is not relevant to our inquiry here. Suffice it to say that it will provide claimants with the cheapest and most expeditious manner of discerning the entire accident history of the intersection here in issue, a question which will undoubtedly be the subject of intensive inquiry when these claims reach trial. The printout will certainly point claimants’ way to other documents (MV-104 accident reports), and witnesses (victims of accidents described or investigating officers of same), which claimants may well find useful on their trial presentation. As such, it is clear that claimants have shown that the requested computer printout qualifies as "evidence” which is "material and necessary” in the preparation of their respective claims.
The second objection interposed by the State to the *561 instant request for discovery is that disclosure of the computer printout would be repetitive, since the same information is available in MV-104 accident reports which are public records to which claimants can otherwise have access. Surely the State cannot, as support for this objection, refer to those reports which were identified upon the various examinations of State employees conducted by claimants’ counsel, and which are made the subject of a request for disclosure in this motion. It is clear from the testimony of the State’s employee, Mr. Powell, that the MV-104 accident reports produced and identified at the deposition and in the possession of the State Department of Transportation are not exhaustive of the reports which may well be in the possession and custody of the State. That additional accident reports may be required to be made available to claimants upon subsequent proceedings herein cannot be doubted, provided the materiality and necessity of disclosure thereof can be established. What claimants seek here is permission to conduct further discovery in the most expeditious and least costly manner possible. Rather than order examinations of employees of the Department of Motor Vehicles, the agency with custody of the accident reports, it seems clear, based upon the testimony of Mr. Powell, that the best way to inform claimants as to the further availability of evidence on the question of notice to the State of the dangerous nature of the intersection which is the subject of these claims, is to permit discovery, inspection and copying of the computer printout. Claimants’ request is in no way repetitive; it is simply the most logical way for all concerned to expeditiously bring pretrial proceedings to a conclusion.
The State also submits that to grant claimants access to the defendant’s computers would set a dangerous precedent by allowing use of the State’s resources and State expense to conduct claimants’ pretrial preparation and investigation. This argument merely begs the question. The whole purpose of pretrial disclosure is to permit the claimants access to information, be it testimony of witnesses or the production of records, in the custody of the defendants. When claimants obtain the testimony of a State employee, or the production of records in the possession of the State, it is the State’s resources which claimants are being permitted to make use of in their preparation for trial. Here, it is merely another resource at the disposal of the State (albeit a novel one) to which *562 claimants request access. Absent any showing by the State that such a request would be unduly burdensome in terms of monetary cost, or time spent by employees to prepare, there is no reason why the request for the disclosure should be denied. It is the testimony of Mr. Powell, the State’s employee, that the computer in Albany can retrieve the information sought and return a printout within 24 hours. This is hardly an overbearing amount of time, particularly when compared with the time which might otherwise be spent by State employees in identifying potentially voluminous records in more cumbersome methods of disclosure. However, insofar as the cost of retrieval of the computer information is concerned, we believe that in fairness that the cost should be borne by claimants and our order will so reflect.
Based upon all of the foregoing, the court concludes that claimants’ request for discovery of the computer printout must be honored.

. The foregoing allegations appear in paragraphs 6(b) and (c) of the claim of Estella C. Ball. The allegations of negligence in the claim of Harry E. Ball and on behalf of the infant Brian F. Ball are substantially the same.

. The foregoing description of the information sought is not disputed on this record.

. Rule 34 of the Federal Rules of Civil Procedure provides: "(a) Scope. Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on his behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served”.
It should be noted that CPLR 3120 is indirectly based upon rule 34 of the Federal Rules of Civil Procedure (Avila Fabrics v 152 West 36th St. Corp., 22 AD2d 238, 240).

. To alleviate any undue burden or expense on the defendant in making said information available to plaintiffs, the court ordered plaintiffs to pay the cost of preparing the documents.

. In relying upon the foregoing Federal authority for the proposition that computer based information is subject to pretrial disclosure, the court is fully cognizant of the fact that rule 34 of the Federal Rules of Civil Procedure was recently aménded to include within those items which may be required to be produced for inspection and copying "other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form”. Its New York counterpart, CPLR 3120, has not been similarly amended. However, it has been said that "the amendment [to rule 34] was merely intended to clarify the scope of the rule, not to change it.” (United States v Davey, supra, p 999.) As such, we do not deem it improper to rely at least in part upon interpretations accorded the parallel Federal provisions by the Federal judiciary.