■ WILLIAM ZEMANEK, as Administrator of the Estate of MARGARET L. YOUNG, Deceased, Appellant, v AMERICAN MOTORS CORPORATION, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered October 25, 1979 in Fulton County, which granted the defendant's motion for reargument of a protective order previously granted to the plaintiff, and upon reargument vacated its original order and denied the plaintiff's motion for a protective order. The decedent, on whose behalf this action was brought, was killed as the result of a motor vehicle accident on February 21, 1978. On September 21, 1978, her representative commenced a suit that alleged causes of action for wrongful death based on negligence, breach of warranty and strict products liability. On or about February 28, 1979, the defendant served interrogatories on the plaintiff, addressed only to the warranty and strict products liability causes of action. The plaintiff moved for a protective order at Special Term on May 24, 1979. Special Term initially granted the motion pursuant to CPLR 3130, as it then read, and on the authority of *Allen v Minskoff* (38 NY2d 506) and *Rothholz v Chrysler Corp.* (62 Misc 2d 901), holding that written interrogatories were not permitted in actions for wrongful death or for personal injury or property damage based on negligence. CPLR 3130 was amended, effective September 1, 1979, to allow written interrogatories to be obtained in all actions, upon certain conditions and restrictions not relevant here. Subsequent to this

amendment, Special Term granted reargument and denied the plaintiff's motion for a protective order. We agree with this determination of Special Term. On reargument, Special Term was required to apply the procedural statute in effect at the time of its decision *(Morehouse v Volkswagen AG.,* 74 AD2d 164). The determination made by Special Term on reargument was in accordance with the amendment and its order should be affirmed. Order affirmed, with costs. Kane, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.