OPINION OF THE COURT
Bentley Kassal, J.
FACTS
According to plaintiffs, this case “involves personal injuries and wrongful death allegedly resulting from breach of warranty and strict liability in tort”. Plaintiff claims that this single-vehicle accident was caused by the failure of one of the car’s Firestone 500 steel belted radial tires. Plaintiff admits that Firestone has answered 68 interrogatories served upon Firestone.
Defendants, on the other hand, assert that: “The complaint predicates Firestone’s liability for decedent’s death upon theories of negligence, strict tort liability and breach of warranty in connection with the manufacture and sale of the tire. The complaint also alleges that plaintiffs’ decedent was conscious for an undetermined period of time prior to his death and that Firestone is liable upon these same theories for his pain and suffering.”
*1029 ISSUE
Is plaintiff entitled to a deposition of defendant Firestone after having served written interrogatories upon Firestone?
DISCUSSION
The salient aspects of CPLR 3130, governing the use of interrogatories, are: “After commencement of an action, any party may serve upon any other party written interrogatories. A party may not serve written interrogatories on another party and also demand a bill of particulars pursuant to section 3041 nor, in the case of an action to recover damages for an injury to property or a personal injury resulting from negligence or wrongful death, take a deposition pursuant to rule 3107 without leave of court.” (Emphasis added.)
CPLR 3130 leaves open the question of whether leave of court must be obtained to serve written interrogatories and take a deposition of the same party in an action involving claims for personal injuries not based on negligence, as well as a wrongful death claim.
The Court of Appeals resolved one aspect of this issue in Allen v Minskoff (38 NY2d 506, 508) in holding that CPLR 3130 does “exclude * * * the use of interrogatories in all wrongful death actions, regardless of the underlying theory of recovery pleaded.” The Allen court recognized the difficulties associated with the language of CPLR 3130 and was careful to confine its decision to the specific issue raised rather than usurping the Legislature’s function.
Further light is shed upon this subject by David Siegel’s Supplementary Practice Commentaries discussing the 1979 amendment to CPLR 3130 (see McKinney’s Cons Laws of NY, Book 7B, CPLR C3130:3, 1981-1982 Pocket Part, pp 184, 185), which lifted the prior absolute prohibition against the use of interrogatories in personal injury, property damage and wrongful death cases. As explained by Professor Siegel: “There is still a difference between (1) personal injury and property damage claims and (2) the wrongful death claim. But now the difference is this: the need to chose [sic] between interrogatories and a deposition exists in all wrongful death cases without regard to ground, *1030 but, with respect to personal injury and property damage cases, the election is necessary only in those based on negligence. When not so based, the two devices are apparently to be available without a special court order.” (Emphasis added.)
The Allen court (pp 509-510) suggested a possible way to apply section 3130 to cases involving personal injury and wrongful death causes of action: “Where an injured party asserts, in a personal injury action, both negligence and breach of warranty claims, the courts have been compelled to draw a careful line between the two theories and have permitted the service of interrogatories only with respect to the breach of warranty claim, notwithstanding that the two claims stem from the same accident.” (Emphasis added.)
It is not possible to draw such a line between the personal injury and wrongful death claims in the present case. Realistically, defendant Firestone could not be deposed solely regarding the personal injury aspect of this lawsuit without also disclosing matters that are relevant to the wrongful death claim. This would be true whenever a wrongful death allegation was present, since the factual underpinnings of such a claim necessarily involve all the causes of action asserted. However, CPLR 3130 prohibits this from occurring absent prior leave of court having been granted.
Furthermore, the use of the word “or” in CPLR 3130 preceding “wrongful death” supports the view that any case involving a wrongful death claim falls within the section’s prohibition. There is authority for this proposition in two intermediate appellate decisions citing Allen (supra).
In Rosado v Mercedes-Benz of North Amer. (69 AD2d 877), it was held that since the fourth cause of action was “essentially a claim * * * for general damages arising out of decedent’s wrongful death * * * the interrogatories were properly stricken”. See, also, Zemanek v American Motors Corp. (79 AD2d 728), where the court, in upholding the denial of plaintiff’s motion for a protective order for reasons not relevant here, noted that CPLR 3130 as it read *1031 in May, 1979 prohibited written interrogatories “in actions for wrongful death or for personal injury or property damage based on negligence.” The September, 1979 amendment to CPLR 3130 lifted this absolute prohibition so as “to allow written interrogatories to be obtained in all actions, upon certain conditions and restrictions” — e.g., the need to seek leave of court in a wrongful death case. In summary, I conclude that the combination of a wrongful death cause of action with a personal injury action brings the personal injury action under the same restrictions that apply to the wrongful death action.
Therefore, I hold that a party in any action involving a wrongful death claim may only proceed by seeking leave of court under CPLR 3130 to serve written interrogatories and depose the same party. Addressing that, Firestone has already responded to 68 interrogatories served by plaintiff, as noted above, and plaintiff did also attend the deposition of Firestone taken by codefendant Di Lorenzo.
DECISION
In this case, plaintiff has failed to demonstrate any special circumstances to support its application to depose Firestone and leave to depose Firestone is denied.