■ Geri D. Shapiro, Respondent, v Jack Levine, Appellant. — In a medical malpractice action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated December 8, 1983, which denied his motion for a further examination before trial of plaintiff.

Order affirmed, with costs.

As a result of an automobile accident, plaintiff suffered an injury to her clavicle. Plaintiff was treated for this injury by three physicians before seeking defendant's medical services. The gravamen of this medical malpractice action is plaintiff's allegation that defendant's treatment aggravated her injury and prolonged the healing time.

At plaintiff's examination before trial, defense counsel inquired about conversations that plaintiff had with her previous attending physicians regarding their diagnosis and prognosis for her injured clavicle and their prescribed treatment. Counsel for plaintiff voiced a hearsay objection and directed plaintiff not to respond to this line of questioning. To compel plaintiff to disclose the substance of said conversations, defendant moved for a further examination before trial of her. Special Term denied the motion on the ground that the "questions were improper".

While plaintiff's testimony concerning what her prior treating physicians told her is clearly hearsay, that would not protect her from disclosure pursuant to CPLR 3101 which requires the revelation of inadmissible testimony that may lead to discovery of admissible evidence (*Prink v Rockefeller Center,* 48 NY2d 309, 314; *Baxter v Orans,* 63 AD2d 875; *Shutt v Pooley,* 43 AD2d 59, 60). Nevertheless, we concur with Special Term's conclusion that the questions were improper as disclosure of the subject conversations for the purported purpose of establishing the extent to which plaintiff, a lay person, *understood* her previous physicians' expert opinions regarding the nature of her injury

and her prospects for recovery are not relevant to any issue in this malpractice action. For example, defendant argues that discovery of an unduly optimistic prognosis by a previous attending physician may explain plaintiff's dissatisfaction with the treatment prescribed by defendant. However, the standard by which defendant's treatment will be measured in a malpractice action is not predicated upon plaintiff's expectations.

This decision is not intended to foreclose defendant from discovering plaintiff's medical history. Since plaintiff has placed her physical condition at issue by commencing this medical malpractice action, she has waived the physician-patient privilege with respect to her medical history (see *Hoenig v Westphal,* 52 NY2d 605; *Koump v Smith,* 25 NY2d 287; *Hughson v St. Francis Hosp.,* 93 AD2d 491; *Pizzo v Bunora,* 89 AD2d 1013; *Cynthia B. v New Rochelle Hosp. Med. Center,* 86 AD2d 256, 260, affd 60 NY2d 452). Medical reports of previous attending physicians are discoverable if material and necessary to the defense of the action (*Hoenig v Westphal, supra; Moses v Woodbury,* 54 AD2d 961). Here, the diagnosis of plaintiff's physical injury, prognosis for recovery and the prescribed course of treatment set forth in the medical records of her prior treating physicians are discoverable because an accurate account of this information is relevant to several issues, such as the status of her medical condition on the date defendant first examined and treated plaintiff's injury and the degree to which defendant's treatment allegedly aggravated her injured clavicle. If the information contained in the medical reports is insufficient, defendant may serve a notice to depose plaintiff's prior attending physicians, pursuant to CPLR 3106 (subd [b]), and serve said nonparty witnesses with a subpoena, pursuant to CPLR 3107.

The medical records and depositions of the attending physicians will provide the most accurate and reliable account of prior diagnoses and prognoses. Unless these sources are unavailable, a lay person should not be directed to recite expert opinions. Rubin, J. P., Boyers, Lawrence and Eiber, JJ., concur.