■ ROBERT LIVRERI, Appellant, v EDGAR D. WHITEHEAD et al., Respondents.—In an action to recover damages for an alleged violation of the physician-patient privilege, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Graci, J.), entered July 23, 1984, which, upon the defendants' motions for summary judgment, dismissed the complaint.

Judgment affirmed, with costs.

On January 18, 1980, the plaintiff underwent a surgical procedure for the repair of a right inguinal hernia. The surgery was performed by the defendant Dr. Stanley Berliner. The plaintiff subsequently commenced a medical malpractice action against Dr. Berliner, in which he alleged, *inter alia,* that following the surgery, he experienced fever, pain and swelling in and around the surgical site. The plaintiff retained a law firm to prosecute the lawsuit on his behalf. In preparation for the action, the plaintiff's attorneys retained codefendant Dr. Edgar Douglas Whitehead to examine the plaintiff and to prepare a report regarding the plaintiff's condition for use in the malpractice action against Dr. Berliner.

On January 14, 1981, Dr. Whitehead submitted a report to the plaintiff's attorneys, wherein he described his physical findings but rendered no opinion as to whether or not malpractice had been committed by Dr. Berliner. Thereafter, the plaintiff's attorneys, pursuant to CPLR 3121 (b), released a copy of this report to the attorneys representing Dr. Berliner.

The malpractice action against Dr. Berliner proceeded to trial in January of 1984. Although Dr. Whitehead did not testify on behalf of the plaintiff, he was called to the stand to testify as an expert for the defense. The trial court, over the objections of the plaintiff's counsel, permitted the doctor to

testify and his testimony ultimately proved extremely damaging to the plaintiff's case. The following day, during cross-examination of Dr. Whitehead, the trial court reversed its decision regarding the admissibility of Dr. Whitehead's testimony, and, accordingly, granted the plaintiff's motion for a mistrial.

On or about January 20, 1984, the plaintiff commenced the instant action against Dr. Berliner, his attorney Richard McGowan, and Dr. Whitehead. He alleged in his complaint that the foregoing defendants were guilty of violating the physician-patient privilege and that, as a result, the trial court was required to declare a mistrial in the pending action. He further asserted that defendant McGowan was guilty of misconduct in that "an attorney has no right to have any ex parte conversations with a physician who had been engaged by an adverse party". The plaintiff claimed to have suffered damages as a result of the defendants' conduct, in the form of legal expenses as well as the aggravation and distress emanating from the fact that the court had declared a mistrial. The plaintiff additionally sought punitive damages against each defendant in the sum of $150,000, on the ground that each had violated the "public policy of the State of New York".

After issue was joined, the defendants brought motions for summary judgment dismissing the complaint. Special Term granted their respective motions and the plaintiff now appeals.

We find that Special Term properly granted summary judgment in favor of the defendants. The plaintiff's entire complaint was predicated upon the alleged wrongful release and misuse of confidential information which was purportedly protected by the physician-patient privilege. It is readily apparent, however, that by commencing the medical malpractice action, the plaintiff necessarily waived the physician-patient privilege as to all matters which he had placed in issue. Moreover, the medical information to which Dr. Whitehead was alleged to have had access at that juncture, was clearly no longer confidential, in view of the fact that the plaintiff's attorneys had released a copy of Dr. Whitehead's report prior to trial. It is also significant that Dr. Whitehead was not called to testify until after the plaintiff had rested his case, and fully bared his medical condition. Thus, the element of wrongful conduct, upon which the plaintiff's causes of action all depend, is simply lacking in this case (see, Cynthia B. v New Rochelle Hosp. Med. Center, 60 NY2d 452, 457; Koump v Smith, 25 NY2d 287; Shapiro v Levine, 104 AD2d 800).

We further note that the mistrial from which the plaintiff's claims for damages emanate, resulted from a judicial determination that it was error to have permitted Dr. Whitehead to testify for the defense, and, contrary to the plaintiff's contentions, was not directly caused by the conduct of the defendants.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Gibbons, J. P., Thompson, Brown and Eiber, JJ., concur.